# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | G. Patrick Murphy | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 84 C 11020 | **DATE** | 7/10/2001 |
| **CASE TITLE** | Beverly Mann vs. City of Chicago, etal | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10 Enter Memorandum and Order: Hearing held on 7/3/01. Defendant's motion for leave to file response to plaintiff's motions (649-1) is granted. Plaintiff's motion for a certificate of necessity (653-1) is denied as moot. Plaintiff's motion to vacate (640-1) is denied as moot. Plaintiff's motion to vacate (618-1) is denied as moot. Plaintiff's motions to vacate (612,619,623,638,652) are hereby denied. The Clerk of the Court is directed to send a copy of this Memorandum and Order to all U.S. District Court Clerks. Plaintiff is hereby permanently enjoined from filing any papers whatsoever in any federal district court involving or arising out of the matters alleged in this action without first making an application to the undersigned District Judge and being granted leave of Court to file such papers, with the sole exception that plaintiff need not seek leave of court to file a notice of appeal from this Memorandum and Order. For reasons made eminently clear during the hearing, this litigation is over.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | JUL 1 1 2001 | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | 7/10/2001 | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| GL | courtroom deputy's initials | ED-7 FILED FOR DOCKETING 01 JUL 11 AM 8: 28 | GL mailing deputy initials | Document Number |
| | | Date/time received in central Clerk's Office | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

BEVERLY MANN,                    )
                                 )
       Plaintiff,           )
                                 )
vs.                              )     **CASE NO. 84 C 11020**
                                 )
CITY OF CHICAGO, ILLINOIS, HAROLD )
WASHINGTON, JAMES MONTGOMERY,    )
TIMOTHY O'HARA, and JAYNE        )
BARNARD,                         )
                                 )
       Defendants.          )

DOCKETED
JUL 11 2001

# MEMORANDUM AND ORDER

**MURPHY, Visiting Chief District Judge:**

This matter came before the Court on July 3, 2001, for a hearing on all pending motions - specifically, Plaintiff's various motions to vacate certain orders and judgments under Federal Rules of Civil Procedure 60(b)(5) and 60(b)(6). As an initial matter, the Court notes that during the hearing, Defendants' motion for leave to file their response to Plaintiff's motions (Doc. 649) was **GRANTED**, and the Court has considered that response (Doc. 650). Additionally, Plaintiff's motion for a certificate of necessity (Doc. 653) is **DENIED as moot** because Circuit Judge Frank H. Easterbrook already denied that request (*see* Doc. 654). Plaintiff's motions to vacate filed on January 10, 2001, (Doc. 640) and January 16, 2001, (Doc. 638) appear identical, with the exception that the motion filed on January 10, 2001, does not bear a signature. Therefore, the Court will consider the signed January 16, 2001, motion (Doc. 638), and the January 10, 2001, motion (Doc. 640) is **DENIED as moot**. Similarly, on July 12, 2000, Plaintiff filed a "Corrected Motion" (Doc. 619),

modifying the motion previously filed on July 6, 2000 (Doc. 618). Therefore, the Court will consider the July 12, 2001, corrected motion (Doc. 619), and the July 6, 2000, motion (Doc. 618) is **DENIED as moot**.

> Rules 60(b)(5) and 60(b)(6) provide, in pertinent part:
>
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b). While Rule 60(b) specifically authorizes a district court to relieve a party from a final judgment under a variety of circumstances, "the need for the finality of judgments is an overarching concern." *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997). "Rule 60(b) sets a higher value on the social interest in the finality of litigation." *Id.* (internal quotation omitted). Therefore, it is "very well established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (internal quotation omitted). The basis for vacating a judgment under Rule 60(b) "must be something that could not have been used to obtain a reversal by means of a direct appeal." *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000).

The procedural history of this case has been well documented and summarized in various orders throughout the file, and the Court finds no reason to reiterate it here. This Court has carefully considered Plaintiff's numerous Rule 60(b) motions (Docs. 612, 619, 623, 638, 652), the various supplemental pleadings and exhibits filed in support of those motions (Docs. 608, 609, 610, 611, 613, 625, 626, 627, 633, 634, 636), Defendants' response in opposition to the motions (Doc. 650), and

Plaintiff's reply in support of the motions (Docs. 631, 632). For the reasons fully set forth on the record during the July 3, 2001, hearing, the Court finds that no exceptional circumstances exist to warrant relief under Rule 60(b). Accordingly, Plaintiff's motions to vacate various orders previously entered in this action pursuant to Rules 60(b)(5) and 60(b)(6) (Docs. 612, 619, 623, 638, 652) are hereby **DENIED**.

Moreover, as set forth on the record during the hearing, Plaintiff is hereby **PERMANENTLY ENJOINED** from filing any papers whatsoever in any federal district court involving or arising out of the matters alleged in this action, civil case number 84 C 11020, without first making an application to the undersigned District Judge and being granted leave of Court to file such papers, with the sole exception that Plaintiff need not seek leave of Court to file a notice of appeal from this Memorandum and Order. *See, e.g., Malley v. New York City Bd. of Educ.*, 112 F.3d 69 (7th Cir. 1997), *citing In Re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984) (approving injunction restricting new actions in all federal courts). This injunction similarly applies to any pleadings, save a notice of appeal, sought to be filed in this action. In reviewing any request for leave to file such papers, the Court will closely scrutinize the pleading sought to be filed, and if it is found to be frivolous, severe sanctions will be imposed. In light of the considerable expense already incurred by Plaintiff in trying to keep this action viable, the Court finds that the imposition of monetary sanctions will not deter her from filing frivolous pleadings. Therefore, should Plaintiff fail to comply with this Order by attempting to file a frivolous pleading or by failing to seek leave of Court altogether, the sanction will be imprisonment. Although an extreme remedy, imprisonment is warranted in this case considering Plaintiff's incessant demand for and consumption of judicial resources over the past seventeen years and her obvious lack of respect for the judicial process, which is abundantly evident from her

pleadings. *See, e.g., Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (holding that sanctions must be tailored to provide the most effective form by which a court can exercise its judicial authority to curb inappropriate behavior and abuse of its processes). Moreover, this Court's previous Order **REMAINS in effect**, such that Plaintiff **SHALL NOT** verbally contact the United States District Courts for the Northern and Southern Districts of Illinois to inquire about her case in an effort to circumvent the leave-of-Court filing requirement. Similarly, Plaintiff **SHALL NOT**, under any circumstances, verbally contact the Chambers of the undersigned. Plaintiff's failure to comply with this Order in any respect shall result in the sanction of imprisonment.

The Clerk of this Court is **DIRECTED** to send a copy of this Memorandum and Order to all United States District Court Clerks. The undersigned **shall be notified immediately** if Plaintiff fails to comply with this Memorandum and Order.

Finally, "lest [Plaintiff] misconstrue[s]" this Court's ruling, for reasons made eminently clear during the hearing, "this litigation is over." *Berwick Grain Co. v. Illinois Dep't of Agric.*, 217 F.3d 502, 506 (7th Cir. 2000).

**IT IS SO ORDERED.**

DATED this *06th* day of *July*, 2001.

G. PATRICK MURPHY
Chief United States District Judge